IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLINTON BROOKS, JR.,<br><br>              Plaintiff,<br><br>vs.<br><br>BENJAMIN SEAMAN, Lincoln Police Officer; JANE BURKES, of the Nebraska Bar Association In their Official and Individual Capacities; and TERESA RICHARD,<br><br>              Defendants. | 4:17CV3015<br><br>MEMORANDUM<br>AND ORDER |

      Plaintiff filed a Complaint on February 3, 2017. (Filing No. 1.) He was given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Plaintiff alleges that he "helped" Sharon Fitzgerald ("Sharon") and her son, Jordan, research for Jordan to file for divorce. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff informed Sharon that he was not an attorney, and Sharon paid Plaintiff for his "help" with research. (*Id.* at CM/ECF p. 2.) Plaintiff claims that Sharon was not happy when Jordan was later awarded supervised visitation. (*Id.*) She later asked for her money back from Plaintiff. (*Id.*) Plaintiff informed Sharon that he "had helped her research the statutes and showed her how to draft and where to file her appeal." (*Id.*) Plaintiff alleges that Sharon hired Defendant Teresa Richard ("Richard"), who contacted Defendant Jane Burks ("Burks") at the Nebraska Bar Association. (*Id.*) Burks contacted Defendant Benjamin Seaman with the Lincoln

Police Department. (*Id.*) Plaintiff alleges that Officer Seaman cited him for unauthorized practice of law. (*Id.*)

Plaintiff was later convicted in Lancaster County District Court of theft by deception and unauthorized practice of law based upon his actions concerning Sharon and her son. See *State v. Brooks*, 873 N.W.2d 460, 467-69 (Neb. App. 2016). The state district court sentenced Plaintiff to consecutive terms of 15 to 35 months' imprisonment on the theft conviction and 3 to 3 months' imprisonment on the unauthorized practice of law. *Id.* at 469. Plaintiff appealed his convictions and sentences to the Nebraska Court of Appeals. The court found that the trial court committed plain error by erroneously instructing the jury that it could base its guilty verdict for unauthorized practice of law on Plaintiff's conduct that occurred outside the statute of limitations. *Id.* at 475-77. It, therefore, reversed Plaintiff's conviction for unauthorized practice of law and remanded for a new trial on that charge. *Id.* at 477-78. In doing so, the court determined that there was sufficient evidence adduced at trial to sustain Plaintiff's conviction and, further, his conduct that occurred outside the statute of limitations would be admissible at a new trial to provide "necessary context" to his unauthorized practice of law occurring with the limitations period. *Id.*

Plaintiff alleges that Defendants "in their personal and official capacities had Clinton Brooks Jr., illegally arrested and prosecuted. Clinton Brooks Jr.'s case was ultimately reversed and remanded for a new trial, which was dismissed by the county attorney's office, and granted by the sentencing judge." (Filing No. 1 at CM/ECF pp. 2-3.) He seeks $900,000 from each defendant for "their part in having plaintiff falsely arrested." (*Id.* at CM/ECF p. 3.)

## II. DISCUSSION

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). First, Plaintiff's allegations are that Officer Seaman *cited*, not *arrested*, him.

Nevertheless, based upon the decision of the Nebraska Court of Appeals, the evidence was sufficient to find that Plaintiff committed the offense of unauthorized practice of law. His conviction was reversed because of an improper jury instruction, not because he did not do it. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court finds that Plaintiff's claim is frivolous and his Complaint fails to state a claim upon which relief may be granted. The court will not allow Plaintiff to amend his Complaint because amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice.

2. The court will enter judgment in a separate document.

Dated this 30th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge